UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEWIS GARRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | 1:16-cv-00636-EPG (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

### I.  BACKGROUND

Marcus Lewis Garrett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 5, 2016 (ECF No. 1), which is now before the Court for screening.

Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 6), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

### II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id*.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

At the relevant time described below, Plaintiff was confined at California State Prison in Corcoran in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff was housed at the Security Housing Unit ("SHU") and later released or transferred to the Administrative Segregation Unit ("Ad-Seg") on January 21, 2015, pending

transfer to Kern Valley State Prison level IV 180 design or CSP-Sacramento Level IV 180 design as a non-adverse transfer.

Prior to being moved from the SHU to Ad-Seg, Plaintiff was issued a CDCR 114-D Ad-Seg Unit Placement Notice that stated that "upon release from (SHU) plaintiff may be retained Ad-Seg status pending transfer as CSP-Corcoran does not have a level IV GP, which meets your safety and security requirements." After being transferred to Ad-Seg, Plaintiff wrote to Defendants Gallager, Gonzalez, Woodward, and D. Davey to state that Plaintiff had received threats and that if he was released to the general population, he would have "major problems and that perverts like me is not allowed in the general population." Plaintiff did not receive a response or interview.

On February 15, 2015, Plaintiff was released from Ad-Seg to Level IV 270 general population, despite the CDCR 114-D notice and the notification Plaintiff provided to Defendants regarding the threats Plaintiff received. On May 13, 2015, while housed in the general population, Plaintiff was attacked by two inmates. Plaintiff heard a loud voice saying "get down." Plaintiff complied. The attackers continued striking Plaintiff until they also lay on the ground.

Plaintiff received multiple injuries and cuts to his head and elbow, which required multiple staples. Plaintiff lost a lot of blood. Plaintiff was in pain and had permanent scarring.

Based on the severity of Plaintiff's injuries, Plaintiff was taken to the prison emergency room. Defendant Woodward visited Plaintiff in the emergency room and told Plaintiff he would not be returning to the general population yard, but instead would be housed in Ad-Seg. Plaintiff questioned this decision because he was the victim. Defendant Woodward stated that the "Bloods," a street gang, did not want Plaintiff on the yard. Plaintiff responded "how you know, your [sic] not a blood." Defendant Woodward also indicated that Plaintiff was not going to the yard due to past sexual misconduct. Plaintiff then stated "what you had your rats or goones [sic] get me off the yard." Defendant Woodward replied, "you are not coming back to the yard; we got rid of you for a reason pervert."

Plaintiff was discharged and placed in Ad-Seg. The two perpetrators who attacked

3

Plaintiff were not put in administrative segregation.

Before the attack, Plaintiff had been labelled as a sex offender and his custody designation had an "R" suffix based on prior incidents of indecent exposure, although Plaintiff had never been charged with or convicted of a sex related offense. The stigma associated with the "R" suffix put Plaintiff at a substantial risk of danger among the prison inmate general population and street gangs.

On July 31, 2015, Plaintiff was told by Defendants Gallager and Gonzalez that he was going to be transferred adversely to Pelican Bay State Prison. Plaintiff threatened to file an appeal.

When Plaintiff was transferred, Plaintiff's property was left in his cell, causing it to be lost or thrown away. Plaintiff alleges this was done in retaliation for Plaintiff's threats to file an appeal.

### IV.   ANALYSIS OF PLAINTIFF'S FAILURE TO PROTECT CLAIM[1]

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

---

[1] The Court notes that the Complaint also alleges that Defendants violated Plaintiff's Fourteenth Amendment rights. However, the Complaint fails to allege how Plaintiff's Fourteenth Amendment rights were violated, and is lacking in facts relating to a violation of the Fourteenth Amendment. Therefore, Plaintiff has failed to state a claim for violation of the Fourteenth Amendment.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. "'Deliberate indifference' has both subjective and objective components." *Labatad,* 714 F.3d at 1160. The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad,* 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

Plaintiff alleges that he suffered serious injury from other inmates. He also states repeatedly that this was due to defendants' conduct. And Plaintiff alleges that he wrote to

Defendants Gallager, Gonzalez, Woodward, and D. Davey that Plaintiff had received threats of injury for being released into the general population. These allegations are very close to stating a claim.

However, Plaintiff elsewhere alleges that he objected when the prison put him in Ad-Seg and refused to release him to the general population. According to the Complaint, Defendant Woodard, one of the defendants who supposedly failed to protect him, is the same person who comes to the emergency room to tell Plaintiff the prison has decided not to send Plaintiff to the general population in order to protect his safety. Plaintiff objects when Defendant Woodard tells him that "you are not coming back to the yard," and gets into an argument with Defendant Woodard. Plaintiff appears to take issue with the fact that he was put in Ad-Seg, instead of the two attackers.

Plaintiff also makes allegations about the "R" designation. Plaintiff does not allege that the attackers were aware of the "R" designation, or that Plaintiff objected to the "R" designation. Additionally, Plaintiff does not allege which defendant is responsible for his "R" designation.

In short, it is not clear to the Court in what way Plaintiff believes each individual Defendant failed to protect him. Is Plaintiff alleging that Defendants were deliberately indifferent in sending him to the general population yard, rather than Ad-Seg, when they knew that harm would come to him? The Court will give Plaintiff leave to amend the Complaint to clarify Plaintiff's allegations. If Plaintiff chooses to amend his Complaint, he should clarify what he believes each defendant did or should have done, as well as what they knew, so that the Court can evaluate if each of their actions amounted to deliberate indifference.

### V.     EVALUATION OF PLAINTIFF'S RETATLIATION CLAIM

Allegations of retaliation against a prisoner for exercising his First Amendment rights may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's

protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Watson v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that his property was taken from him as a result of him saying that he would file an appeal. However, Plaintiff does not allege any facts that demonstrate that Defendants Gallager and Gonzalez left his property in his cell because he threatened to exercise his rights to an appeal. Plaintiff also conclusorily alleges that it has chilled his First Amendment rights, but does not say how. Based on these facts alone, the Court finds that Plaintiff has not set forth a violation of the constitutional right under the First Amendment.

## VI.     CONCLUSION AND ORDER

The Court has screened Plaintiff's Complaint and finds that it fails to state a cognizable claim against any defendant. The Court will allow Plaintiff to file an amended complaint if he believes that he can plead additional facts that would state a claim under the law explained above. Otherwise, the Court will dismiss Plaintiff's case.

Should Plaintiff choose to amend the Complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal,* 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Id.* at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation. Plaintiff should note that although he has been given the

opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff has **thirty (30) days** from the date of service of this order to file a First Amended Complaint;
4. Should Plaintiff choose to amend the Complaint, Plaintiff shall caption the amended complaint "First Amended Complaint," and refer to the case number 1:16-cv-00636-EPG; and
5. <u>Failure to comply with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **December 7, 2016**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE