UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEWIS GARRETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. DAVEY and GONZALEZ,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00636 -EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT GONZALEZ SHOULD NOT BE DISMISSED FROM THIS ACTION WITHOUT PREJUDICE BECAUSE OF PLAINTIFF'S FAILURE TO PROVIDE THE MARSHAL WITH ACCURATE AND SUFFICIENT INFORMATION TO EFFECT SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANT GONZALEZ<br>(ECF NO. 14)<br><br>THIRTY DAY DEADLINE |

**I.   RELEVANT PROCEDURAL HISTORY**

Marcus Lewis Garrett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint against defendants Davey and Gonzalez for failure to protect in violation of the Eighth Amendment. (ECF Nos. 10 & 11).

After Plaintiff completed and returned the appropriate service documents (ECF No. 12), the Court ordered the United States Marshal Service ("the Marshal") to serve the defendants (ECF No. 13). However, the summons for defendant Gonzalez was returned unexecuted. (ECF No. 14). According to the Marshal, the "L/O at Corcoran State Prison" informed the Marshal that "no Lt. E. Gonzalez has ever worked at that facility." (Id.).

1

**II. SERVICE BY UNITED STATES MARSHAL**

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

The return of service filed by the Marshal on March 7, 2017, indicates that, according to the "L/O at Corcoran State Prison, no Lt. E. Gonzalez has ever worked at" Corcoran State prison. (ECF No. 14). There is no indication on the return of service that the Marshal received a response from defendant Gonzalez. (Id.). The Marshal certified that the Marshal was unable to locate defendant Gonzalez. (Id.).

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendant Gonzalez should not be dismissed from the case because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Gonzalez. If Plaintiff is unable to provide the Marshal

with additional information, the Court will dismiss defendant Gonzalez from the case, without prejudice.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why the Court should not dismiss defendant Gonzalez from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m); and
2. Failure to respond to this order may result in defendant Gonzalez being dismissed from this action, without prejudice.

IT IS SO ORDERED.

Dated: **April 24, 2017**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE