UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEWIS GARRETT,<br><br>  Plaintiff,<br><br>  v.<br><br>D. DAVEY and GONZALEZ,<br><br>  Defendants. | 1:16-cv-00636-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF NO. 15)<br><br>REQUEST FOR THE OFFICE OF THE ATTORNEY GENERAL TO IDENTIFY AND PROVIDE THE SERVICE ADDRESS FOR THE DEFENDANT CURRENTLY IDENTIFIED AS LIEUTENANT GONZALEZ |

  Marcus Lewis Garrett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint against defendants Davey and Gonzalez for failure to protect in violation of the Eighth Amendment. (ECF Nos. 10 & 11). After Plaintiff completed and returned the appropriate service documents (ECF No. 12), the Court ordered the United States Marshal Service ("the Marshal") to serve the defendants (ECF No. 13). However, the summons for defendant Gonzalez was returned unexecuted. (ECF No. 14). According to the Marshal, the "L/O at Corcoran State Prison" informed the Marshal that "no Lt. E. Gonzalez has ever worked at that facility." (Id.). Accordingly, the Court issued an order to show cause, ordering Plaintiff to show cause why the Court should not dismiss defendant Gonzalez from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 15).

  On May 15, 2017, Plaintiff filed his response. (ECF No. 21). Plaintiff states that he was informed that Lieutenant Gonzalez was a ranking official of administrative segregation on or about February of 2015, that Plaintiff was interviewed by someone who identified himself as Lieutenant Gonzalez on July 30, 2015, and that Lieutenant Gonzalez works at Corcoran.

Plaintiff also states that the litigation office at Corcoran should identify the lieutenant who had the position of correctional lieutenant during the period of February 19, 2015.

Given Plaintiff's response, the Court will discharge the order to show cause. Additionally, in the interest of preserving resources and maximizing efficiency, and to avoid a formal discovery request, the Court will first request that the Office of the Attorney General provide the name and an address for service for the defendant currently identified as Lieutenant Gonzalez.

In the event that the Office of the Attorney General does not provide sufficient information, the Court may allow Plaintiff to conduct early discovery so that he can request all documents regarding defendant Gonzalez's contact information, as well as all documents identifying the person (or people) who had the position of correctional lieutenant on February 19, 2015, on the date of Plaintiff's institutional classification committee, and on the date of Plaintiff's release from 3A administrative segregation (the Court recognizes that such discovery may pose privacy issues, which would necessitate *in camera* review or sealing of documents).

Therefore, the Court REQUESTS that, within twenty-one (21) days from the date of service of this order, the Office of the Attorney General respond with the address for service for defendant Gonzalez, or the identity and an address for service for the person (or people) who had the position of correctional lieutenant on February 19, 2015, on the date of Plaintiff's institutional classification committee, and on the date of Plaintiff's release from 3A administrative segregation.[1] Alternatively, the Office of the Attorney General may file a statement that it chooses not to provide such information.[2]

Additionally, based on the foregoing, IT IS HEREBY ORDERED THAT:
 1. The order for Plaintiff to show cause why the Court should not dismiss defendant Gonzalez from this action, without prejudice, pursuant to Federal

---

[1] If the Office of the Attorney General has concerns about providing an address (or addresses) for the defendant identified as Lieutenant Gonzalez, it may submit that information *in camera* or under seal such that the Court can issue relevant summonses.

[2] No sanctions will result from a failure to abide by this informal request, but note that the Court may open document discovery as discussed above.

2

Rule of Civil Procedure 4(m) (ECF No. 15) is DISCHARGED; and

2. The Clerk of Court is directed to serve Supervising Deputy Attorney General Monica Anderson with a copy of this order.

IT IS SO ORDERED.

Dated: __**May 17, 2017**__     /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE