# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARCUS LEWIS GARRETT,

      Plaintiff,

    v.

D. DAVEY and GONZALEZ,

      Defendants.

Case No. 1:16-cv-00636-EPG (PC)

ORDER OPENING LIMITED DISCOVERY
(ECF NOS. 15, 21, 22, & 27)

NINETY DAY DEADLINE

Marcus Lewis Garrett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint against defendants Davey and Gonzalez for failure to protect in violation of the Eighth Amendment. (ECF Nos. 10 & 11).

After Plaintiff completed and returned the appropriate service documents (ECF No. 12), the Court ordered the United States Marshal Service ("the Marshal") to serve Defendants (ECF No. 13). However, the summons for defendant Gonzalez was returned unexecuted. (ECF No. 14). According to the Marshal, the "L/O at Corcoran State Prison" informed the Marshal that "no Lt. E. Gonzalez has ever worked at that facility." (Id.). Accordingly, the Court issued an order to show cause, ordering Plaintiff to show cause why the Court should not dismiss defendant Gonzalez from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 15).

On May 15, 2017, Plaintiff filed his response. (ECF No. 21). Plaintiff stated that he was informed that Lieutenant Gonzalez was a ranking official of administrative segregation on or about February of 2015, that Plaintiff was interviewed by someone who identified himself as Lieutenant Gonzalez on July 30, 2015, and that Lieutenant Gonzalez works at Corcoran. Plaintiff also stated that the litigation office at Corcoran should identify the lieutenant who had the position of correctional lieutenant during the period of February 19, 2015.

Given Plaintiff's response, the Court discharged the order to show cause, and requested that the Office of the Attorney General provide the name and an address for service for the defendant currently identified as Lieutenant Gonzalez. (ECF No. 22). On June 8, 2017, the Office of the Attorney General filed the declaration of M. Kimbrell, the litigation coordinator at Corcoran State Prison ("COR"). (ECF No. 27). According to M. Kimbrell, she "conducted a search for all COR employees with the name of E. Gonzalez and E. Gonzales with the rank of Correctional Lieutenant...." M. Kimbrell's "search revealed that, while [California Department of Corrections and Rehabilitation] has employed individuals named E. Gonzalez and E. Gonzales at COR, none of them held the title of Correctional Lieutenant." (Id. at p. 2).

In light of this, the Court will open limited discovery, for the purpose of identifying and getting a service address for the defendant currently identified as Lieutenant Gonzalez (the Court recognizes that such discovery may pose privacy issues, which may necessitate *in camera* review or sealing of documents).

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Discovery is open for the limited purpose of identifying and getting a service address for the defendant currently identified as Lieutenant Gonzalez;

2. If Plaintiff does not identify and provide an address for defendant Gonzalez within 90 days from the date of service of this order, the Court will issue findings and recommendations, recommending that defendant Gonzalez be dismissed from this case, without prejudice, for failure to serve;[1] and

3. Discovery shall proceed as follows:

   a. Discovery requests shall be served by Plaintiff pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or

---

[1] The Court notes that, upon motion by Plaintiff, this deadline can be extended for cause, including the need to file motions to compel further discovery responses.

proof of service is at issue). Plaintiff may serve on any other party no more than 3 interrogatories, 3 requests for production of documents, and 3 requests for admission. On motion, these limits may be increased for good cause;

b. Responses to written discovery requests shall be due thirty (30) days after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.[2]

c. If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **fourteen (14) days** after the date that responses are due. Failure to provide a privilege log within this time shall result in a waiver of the privilege. To the extent the requesting party disputes whether a document is privileged, it can raise that issue in a motion to compel further discovery responses. If a party or third party withholds a document on the basis of the official information privilege, the requesting party may request that the Court conduct an *in camera* review of such document so that the Court can balance the moving party's need for the documents in the litigation against the reasons that are asserted in defending their confidentiality. In any such request for *in*

---

[2] Defendant(s)' responses should be consistent with their right to request documents pursuant to California Government Code § 3306.5 ("Each employer shall keep each public safety officers' personnel file or a true and correct copy thereof, and shall make the file or copy thereof available within a reasonable period of time after a request thereof by the officer.").

*camera* review, the party requesting review shall identify, with specificity, the document(s) for which review is sought;

d. With the Court's permission, Plaintiff may serve third party subpoenas, including on the California Department of Corrections and Rehabilitation, if Plaintiff seeks documents from entities that are not presently defendants in this case. To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshal Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a request for production of documents. Fed. R. Civ. P. 34. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through that third party; and

e. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

IT IS SO ORDERED.

Dated:  __**June 13, 2017**__

_____ /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE