UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEWIS GARRETT,<br><br>   Plaintiff,<br><br>  v.<br><br>D. DAVEY and RUBIN RUIZ,<br><br>   Defendants. | Case No. 1:16-cv-00636-AWI-EPG (PC)<br><br>ORDER ADVANCING SETTLEMENT CONFERENCE AND SETTING NEW SETTLEMENT CONFERENCE PROCEDURES |

Marcus Lewis Garrett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court previously set a settlement conference in this case. (ECF No. 32, p. 5). The settlement conference will now be heard on November 2, 2017, at 9:00 a.m, will be referred to Magistrate Judge Kendall J. Newman, and will be held at the United States District Court, 501 I Street, Sacramento, California 95814, in Courtroom #25. The updated settlement conference procedures are described below.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on November 2, 2017, at 9:00 a.m. at the United States District Court, 501 I Street, Sacramento, California 95814, in Courtroom #25.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in this case. The failure of any counsel, party, or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Judge Newman, or another representative from the Court, will be contacting the parties either by telephone or in person approximately two weeks prior to the settlement conference to ascertain each party's expectations of the settlement conference.

IT IS SO ORDERED.

Dated: **October 4, 2017**

/s/ Eric P. Group
UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2